IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

Case No.  10-32076

LUCIA K. SIMS

        Debtor

JOHN P. NEWTON, JR., TRUSTEE

        Plaintiff

        v.     Adv. Proc. No.  11-3169

JOHN W. SIMS and
JENNIFER A. SIMS

        Defendants

**M E M O R A N D U M**

**APPEARANCES:**   LAW OFFICES OF MAYER & NEWTON
        John P. Newton, Jr., Esq.
        1111 Northshore Drive
        Suite S-570
        Knoxville, Tennessee  37919
        Attorneys for Plaintiff

        MOSTOLLER, STULBERG, WHITFIELD & ALLEN
        Ann Mostoller, Esq.
        136 South Illinois Avenue
        Suite 104
        Oak Ridge, Tennessee  37830
        Attorney for Defendants

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on May 12, 2011, seeking to avoid, pursuant to 11 U.S.C. § 548(a) (2006), the transfer of $145,000.00 from the Debtor to the Defendant, John W. Sims, on August 31, 2009.[1] The Plaintiff also prays that the avoided transfer together with pre-judgment interest from the date of the transfer through the date of judgment be preserved for the benefit of the estate through 11 U.S.C. § 551 (2006).[2]

On October 10, 2011, the Defendants filed the Defendants' Motion for Summary Disposition (Motion for Summary Judgment), which was accompanied by a Brief in Support of Defendants' Motion for Summary Disposition and the Defendants' Statement of Undisputed Material Facts (Statement of Undisputed Facts) as required by E.D. Tenn. LBR 7056-1, together with three exhibits: (1) a letter dated August 27, 2009, from John Wood Goldsack to the Defendants; (2) a facsimile dated March 22, 2010, from the Defendant, John W. Sims, to Mark E. Brown, the Debtor's bankruptcy attorney; and (3) the Memorandum opinion filed July 1, 2011, by this court in *Newton v. Sims (In re Sims)*, Adv. No. 10-3160 (Discharge Adversary Proceeding).[3]

---

[1] Both John W. Sims and Jennifer A. Sims are named as Defendants in this adversary proceeding; however, the transfer to be avoided was made payable only to John W. Sims. The court will refer to John W. Sims and Jennifer A. Sims collectively as "Defendants" in this Memorandum; however, when referring to the Defendants individually, they will be referred to as John W. Sims and Jennifer A. Sims.

[2] This section provides that "[a]ny transfer avoided under section . . . 548 . . . is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551 (2006). Section 551 has no application to the present action wherein the Plaintiff seeks to avoid a transfer of money. *See Walker v. Elam (In re Fowler)*, 201 B.R. 771, 781 (Bankr. E.D. Tenn. 1996) (holding that § 551 "enables the bankruptcy estate to acquire the rights of the holder of an avoided lien so that junior lienholders do not benefit from the avoidance to the detriment of the estate.") (citations omitted)).

[3] The exhibits attached to the Statement of Undisputed Material Facts will be referred to as "Undisp. Ex. _" in order to differentiate from the other referenced exhibits.

In accordance with E.D. Tenn. LBR 7056-1(b) and pursuant to an Order - Extend Time to File a Response entered on October 25, 2011, the Plaintiff filed the Plaintiff's Response to Motion for Summary Judgment Filed by the Defendants on October 26, 2011, which was accompanied by the Plaintiff's Response to Defendant's [sic] Statement of Undisputed Material Facts and Plaintiff's Additional Statement of Undisputed Material Facts (Additional Undisputed Facts) and the Plaintiff's Brief in Response to Motion for Summary Judgment.  In support of his opposition to the Motion for Summary Judgment, the Plaintiff submitted the following: (1) Affidavit of John P. Newton, Jr., Trustee (Newton Aff. No. 1), with, as an attachment, the Debtor's check number 1334 in the amount of $145,000.00 made payable to John W. Sims, and drawn on an account with PNC Bank; and (2) the Summary of Schedules filed by the Debtor on April 23, 2010.  As directed by E.D. Tenn. LBR 7056-1(c), the Defendants filed the Defendants' Reply to Plaintiff's Statement of Additional Undisputed Material Facts on October 27, 2011.

On November 17, 2011, the court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, issued an Order advising that it may grant summary judgment for the non-moving Plaintiff on some or all of the issues and directed that the parties could file further responses to support their respective positions by November 28, 2011.  On November 28, 2011, the Plaintiff filed a Notice of Filing Affidavit of Plaintiff with his Affidavit attached (Newton Aff. No. 2).  On the same date, the Defendants' Supplemental Brief Supporting Motion for Summary Disposition was also filed by the Defendants.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(H) (2006).

**I**

The Debtor sold her home located at 33 Wimpole Way, Green Brook, New Jersey, on August 21, 2009, for $515,000.00, netting proceeds of $172,959.38. STAT. OF UNDISP. FACTS at ¶ 1; COMPL. at ¶ 3, EX. A.[4]  As reflected in a letter drafted by John Wood Goldsack, Esquire, on August 27, 2009, the Debtor and the Defendants entered into an agreement "concerning the purchase of a condominium for [the Debtor's] use in Tennessee" (Agreement). STAT. OF UNDISP. FACTS at ¶ 2, UNDISP. EX. A. The Agreement was executed by the Debtor and the Defendants on August 31, 2009, and, as material to this adversary proceeding, states the following:

> It is your mother's understanding that she will contribute the sum of $150,000.00 toward the purchase and that you will take out a mortgage in the amount of $50,000.00 to cover the balance of the $188,400.00 purchase price and closing costs. Title will be vested in the name of John W. Sims and Jennifer A. Sims, husband and wife. Ideally, your mother should be vested with a "Life Estate", however, you would have to discuss this with your lender. Notwithstanding the manner which title is held, you agree that Lucia Sims shall be entitled to live in the subject premises for as long as she desires and should she wish that the premises be sold you will agree to sell and reimburse her for the amount of her investment.
>
> Lucia understands that upon her death the property will be yours to do as you choose and the value of her share shall be deemed John's inheritance.

STAT. OF UNDISP. FACTS at ¶¶ 2-6, UNDISP. EX. A. The Debtor wrote check number 1334 in the amount of $145,000.00, payable to John W. Sims on August 31, 2009. STAT. OF UNDISP. FACTS at ¶ 7; COMPL. at ¶ 5, EX. B; NEWTON AFF. NO. 1 at ¶ 2, EX. A. Using the $145,000.00 received from

---

[4] The Complaint incorrectly identifies the real property sold by the Debtor as being located in Green Brock, New Jersey; however, as is evident from the Settlement Statement attached to the Complaint as Exhibit A, the real property was located in Green Brook, New Jersey.

the Debtor in addition to the proceeds from a $50,100.00 loan to John W. Sims secured by a Deed of Trust, the Defendants purchased a condominium located at 3709 Warmstone Way, Knoxville, Tennessee (Warmstone Way condominium), on September 18, 2009.  STAT. OF UNDISP. FACTS at ¶¶ 7-8; COMPL. at ¶¶ 6-7, COLL. EX. B - EX. D; NEWTON AFF. NO. 1 at ¶ 2, EX. A; NEWTON AFF. NO. 2 at ¶¶ 3, 6.  The Warmstone Way condominium is titled in the Defendants' names jointly; however, the Defendants have at all times, both before and after its acquisition, resided in New Jersey, while the Debtor has resided in the Warmstone Way condominium.  STAT. OF UNDISP. FACTS at ¶¶ 8, 10-11; NEWTON AFF. NO. 1 at ¶ 2.

On March 22, 2010, John W. Sims sent by facsimile a letter to attorney Mark Brown, with whom the Debtor had been consulting about filing for bankruptcy.  STAT. OF UNDISP. FACTS at ¶ 13, UNDISP. EX. B.  This facsimile stated, in material part:

> I am Lucia's son John.  She asked that I fax you more details regarding the money flow required to purchase her condo on 39 Warmstone Way in Karnes.
>
> This was not a gift to move money out of her estate but rather a necessary way for her to be able to purchase the condo with my assistance.
>
> . . . .
>
> In her best interest I too have told her to proceed in this manner and stop making credit card payments if she is able to firm up a timeline for bankruptcy proceedings.
>
> The main concern I have for her in this case is potentially being required to sell the condo (likely at a loss) to pay off creditors.
>
> If a Judge were to demand this action I want to be assured that she will be able to rescind her claim without being required to take such desperate action that will burden her further.

STAT. OF UNDISP. FACTS at ¶ 13, UNDISP. EX. B.

5

On April 23, 2010, the Debtor filed the Voluntary Petition commencing her Chapter 7 bankruptcy case, and the Plaintiff was duly appointed as Chapter 7 Trustee. STAT. OF UNDISP. FACTS at ¶ 12; COMPL. at ¶ 1; NEWTON AFF. NO. 1 at ¶¶ 1, 4; NEWTON AFF. NO. 2 at ¶¶ 1-6. The Debtor did not disclose the $145,000.00 transfer to John W. Sims or the purchase of the Warmstone Way condominium in her statements and schedules, and she was subsequently denied a discharge under 11 U.S.C. § 727(a)(4)(A) (2006) for making false oaths. STAT. OF UNDISP. FACTS at ¶¶ 14, 16, UNDISP. EX. C.

On May 12, 2011, the Plaintiff filed the Complaint initiating this adversary proceeding, which was answered by the Defendants on June 14, 2011. Pursuant to the Pretrial Order submitted by the parties and entered by the court on July 27, 2011, the issues to be decided are as follows:

> a. Is the debtor's transfer of $145,000.00 to the Defendant John W. Sims avoidable pursuant to 11 U.S.C. § 548(a)(1)? If so, in what amount?
>
>> i. Was there adequate consideration for the transfer?
>>
>> ii. Was the transaction actually the creation of an express trust?
>
> b. If the transfer is avoidable, is the Trustee entitled to preserve the transfer for the benefit of the estate under 11 U.S.C. § 551?[5]
>
> c. In the event the transfer is avoided under 11 U.S.C. § 548(a)(1), then is the Trustee entitled to recover the avoided transfer from both defendants who jointly own the real property pursuant to 11 U.S.C. § 550?

PRETRIAL OR. at 2. The Defendants filed the Motion for Summary Judgment on October 10, 2011, arguing that they are entitled to judgment as a matter of law that there was no fraudulent purpose associated with the $145,000.00 transfer from the Debtor, that an express trust exists between the

---

[5] *See supra* n.2.

Debtor and the Defendants, and that although the Debtor was insolvent when she filed her bankruptcy case, STAT. OF ADDT'L UNDISP. FACTS at ¶ 21, her insolvency was due to factors beyond her control but not as a result of the $145,000.00 transfer.

## II

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

As the movants, the Defendants bear the burden of proving that based upon the record presented to the court, there is no genuine dispute concerning any material facts and that controlling law makes it clear that they are entitled to judgment in this adversary proceeding as a matter of law. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the Plaintiff, the nonmoving party, to prove that there are genuine disputes of material fact for trial, although reliance solely on allegations or denials contained in the pleadings or "mere scintilla of evidence in support of the nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted).

The facts and all resulting inferences are viewed in a light most favorable to the non-movant, and the court decides whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106

S. Ct. at 2512.  Nevertheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).  Based upon the record, the court finds that there is no genuine dispute as to material facts.  The Defendants are entitled to summary judgment as a matter of law that the transfer may not be avoided under 11 U.S.C. § 548(a)(1)(A); however, the Plaintiff is entitled to judgment as a matter of law that the elements of 11 U.S.C. § 548(a)(1)(B) are met, and the $145,000.00 transfer from the Debtor to John W. Sims on August 31, 2009, shall be avoided as constructively fraudulent.

### III

Through this adversary proceeding the Plaintiff seeks to avoid the transfer from the Debtor to John W. Sims through 11 U.S.C. § 548(a)(1), which provides as follows:

> (a)(1)  The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
> > (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> >
> > (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> >
> > > (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

9

11 U.S.C. § 548(a)(1)(A), (B).  Under either subsection, the Plaintiff bears the burden of proof by a preponderance of the evidence. *BankEast v. Shirley (In re Shirley),* 2011 WL 4054773, at *3 (Bankr. E.D. Tenn. Sept. 12, 2011) (citations omitted).  Additionally, "to the extent that a transfer is avoided under section . . . 548 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made[.]"  11 U.S.C. § 550(a)(1).

## A

The Plaintiff first seeks to avoid the Debtor's $145,000.00 transfer to John W. Sims under § 548(a)(1)(A).  Whether a transfer is fraudulent under § 548(a)(1)(A) depends on the specific facts and circumstances surrounding the transfer, with intent presumed through the presence of badges of fraud, including but not limited to the secrecy of the transaction, inadequate consideration, a close relationship between parties, the transferor's continued relationship with the transferred property, and the transferee's awareness of the transferor's financial difficulties. *Shirley,* 2011 WL 4054773, at *3-4 (citations omitted).

In support of their Motion for Summary Judgment, the Defendants rely upon the Memorandum opinion denying the Debtor's discharge entered on July 1, 2011, attached as Exhibit C to the Statement of Undisputed Facts.  In the Discharge Adversary Proceeding, the Plaintiff sought denial of the Debtor's discharge, arguing that "the debtor, with intent to hinder, delay, or defraud a creditor . . . transferred . . . property of the debtor, within one year before the date of the filing of the

10

petition[.]" 11 U.S.C. § 727(a)(2)(A) (2006). After examining the badges of fraud present in the transfer – the relationship between the Debtor and John W. Sims and the Debtor's financial condition at the time of the transfer – the court determined that, based upon the Debtor's testimony and the transaction itself, the Debtor did not possess the requisite fraudulent intent to deny her discharge under that subsection of § 727(a). *See* UNDISP. EX. C at 5-10. The Defendants now argue that the court's findings of fact in that Memorandum opinion are dispositive with respect to the fraud aspect of the Plaintiff's adversary proceeding against the Defendants, and re-litigation of the issue is precluded under the doctrine of collateral estoppel.

Collateral estoppel, or issue preclusion, is an "extension" of the doctrine of res judicata, the purpose of which is to relieve the parties of multiple lawsuits, conserve judicial resources, and promote finality by preventing inconsistent decisions.[6] *Allen v. McCurry*, 101 S. Ct. 411, 415 (1980); *see also Montana v. United States*, 99 S. Ct. 970, 973 (1979) ("[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."). Courts apply the doctrine if the following requirements are met:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

---

[6] "The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 101 S. Ct. 2424, 2428 (1981)).

11

*Santana-Albarran v. Ashcroft*, 393 F.3d 699, 704 (6th Cir. 2005). As argued by the Defendants, each of the foregoing requirements is present and the Plaintiff is estopped from challenging the court's findings that the Debtor did not transfer the $145,000.00 to John W. Sims with the intent to hinder, delay, or defraud her creditors.

  Although the Discharge Adversary Proceeding presented the court with different elements for a determination that the Debtor should be denied her discharge pursuant to § 727(a)(2)(A) than those necessary to determine whether the $145,000.00 transfer to John W. Sims should be avoided under § 548(a)(1)(A), the resulting *issue* – whether the Debtor committed fraud by transferring the $145,000.00 with the actual intent to hinder, delay, or defraud her creditors – is the same. The Debtor's fraudulent intent with respect to her transfer of $145,000.00 to John W. Sims was fully litigated between the Plaintiff and the Debtor, and the question was answered definitively by the court in its Memorandum opinion entered on July 1, 2011, through its findings that there was no nefarious purpose behind the agreement between the Defendants and the Debtor to purchase the Warmstone Way condominium, that the Debtor did not transfer the $145,000.00 to John W. Sims with fraudulent intent, and that she should not be denied her discharge for that reason. *See* UNDISP. Ex. C at 5-10. Whether the Debtor acted fraudulently, with the actual intent to hinder, delay, or defraud her creditors, was essential to the determination in the Discharge Adversary Proceeding and is likewise essential to a determination that her transfer to John W. Sims should be avoided due to

actual fraud. Accordingly, because there is no genuine dispute that the Plaintiff cannot prove the elements of § 548(a)(1)(A), the Defendants are entitled to summary judgment on that count.[7]

**B**

Notwithstanding that the Defendants are entitled to summary judgment on the § 548(a)(1)(A) issue, the Plaintiff also seeks to avoid the transfer as constructively fraudulent under § 548(a)(1)(B), which carries no element of intent; instead, the sole issues are whether the Debtor received less than reasonably equivalent value in exchange for the transfer to John W. Sims and whether she was insolvent at the time of or rendered insolvent by the transfer. *Shirley*, 2011 WL 4054773, at *10 (citation omitted).

For the purposes of this subsection, "value" is defined as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor[.]" 11 U.S.C. § 548(d)(2)(A) (2006). In order to ascertain whether there was a reasonably equivalent value, courts generally compare the value of the property transferred with the value of what the debtor received, considering the circumstances of each case; however, a dollar-for-dollar equivalent is not required. *Shirley,* 2011 WL 4054773, at *8 (citations omitted). When determining whether reasonably equivalent value was exchanged, "the proper focus is on the net effect of the transfers on the debtor's estate, the funds available to the unsecured creditors. As long as the unsecured creditors are no worse off because the

---

[7] Although the Motion for Summary Judgment was filed by both Defendants, Jennifer A. Sims was not a transferee of the $145,000.00. *See supra* n.1.

debtor, and consequently the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred." *Shirley*, 2011 WL 4054773, at *10 (quoting *Congrove v. McDonald's Corp. (In re Congrove)*, 222 Fed. Appx. 450, 454, 2007 WL 130414, at *3 (6th Cir. Jan. 10, 2007) (internal citations omitted)).

The record clearly establishes that, with the focus properly placed upon its net effect on her estate, the Debtor did not receive reasonably equivalent value for the $145,000.00 transfer to John W. Sims and, in fact, received no value for the transfer. It is undisputed that the Debtor's $145,000.00 was used to purchase the Warmstone Way condominium; however, the Debtor herself holds no legal title to the Warmstone Way condominium. Rather, under her agreement with the Defendants, the Debtor arguably holds an equitable interest in the form of a life estate in the property.[8] This interest, if such exists, provides a benefit to the Debtor and may serve as a form of consideration for the transfer, but the Debtor's equitable life estate interest exchanged for the $145,000.00 does not equate to "value" in the form of property, satisfaction of a debt, or security for a debt incurred by the Debtor as defined in § 548(d)(2)(A), nor does it provide any benefit to the Debtor's creditors, who were placed in a worse position after the transfer than prior to it.

Likewise, the Debtor placed herself in a worse position as a result of the transfer, which the court finds rendered her insolvent. The Bankruptcy Code defines "insolvent" as:

---

[8] The Defendants argue in the brief accompanying the Motion for Summary Judgment that the agreement executed between them and the Debtor, UNDISP. EX. A, detailing how the $145,000.00 transfer was to be used for the purchase of the Warmstone Way condominium amounted to the creation of an express trust in which the Defendants held legal title and the Debtor held equitable title and a life estate. The court finds it unnecessary to address this issue because a life estate does not constitute "value" as that term is defined at § 548(d)(2)(A).

14

>    (A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of –
>
>    (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and
>
>    (ii) property that may be exempted from property of the estate under section 522 of this title[.]

11 U.S.C. § 101(32)(A) (2006). In other words, insolvency "for federal causes of action" is to be determined through "a balance sheet test": whether liabilities exceed assets, "excluding the value of preferences, fraudulent conveyances and exemptions." *Webb Mtn, LLC v. Exec. Realty P'ship, LP (In re Webb Mtn, LLC)*, 414 B.R. 308, 355 (Bankr. E.D. Tenn. 2009) (citations omitted).

Although the parties do not dispute that the Debtor was insolvent on the date she filed her bankruptcy petition, *see* STAT. OF ADDT'L UNDISP. FACTS at ¶ 21, the Defendants argue that she was not insolvent at the time of nor was she rendered insolvent by the $145,000.00 transfer to John W. Sims. The record, however, establishes otherwise. As reflected in the Summary of Schedules, at the time she filed her bankruptcy case, the aggregate value of the Debtor's assets was $17,512.85 compared to her liabilities totaling $121,136.10. STAT. OF ADDT'L UNDISP. FACTS at ¶ 22; UNDISP. ADDT'L EX. C; NEWTON AFF. NO. 1 at ¶ 5. As testified to by the Plaintiff, based upon the Debtor's statements during her 2004 examination and information from his own investigation, the Debtor made monthly payments on her debts for a period of time; however, with the exception of the $145,000.00 transfer, the Debtor's assets and liabilities did not materially change between the date of the transfer to John W. Sims on August 31, 2009, and the date she filed for bankruptcy on April 23, 2010. NEWTON AFF. NO.1 at ¶ 6; NEWTON AFF. NO. 2 at ¶¶ 2-4. Nevertheless, prior to the

15

transfer to John W. Sims, the Debtor held assets totaling $162,512.85 which was greater than the liabilities she owed. This fact leads to the obvious finding that the Debtor was rendered insolvent by the transfer.[9] Because the court finds that the Debtor did not receive reasonably equivalent value in exchange for the transfer and that the transfer rendered her insolvent, the Plaintiff is entitled to summary judgment that the August 31, 2009 transfer of $145,000.00 from the Debtor to John W. Sims was constructively fraudulent. The transfer shall thus be avoided under § 548(a)(1)(B) and recovered from John W. Sims pursuant to 11 U.S.C. § 550(a)(1). *See Taunt v. Hurtado (In re Hurtado)*, 342 F.3d 528, 532 (6th Cir. 2003) ("As is plain from its text, section 550(a)(1) holds initial transferees strictly liable for any fraudulent transfers they receive."). However, because the $145,000.00 was transferred solely to the Debtor's son, John W. Sims, the Plaintiff may recover the value of the transfer solely from Mr. Sims irrespective of the fact that the Warmstone Way condominium is titled in the names of both Defendants.

---

[9] Moreover, the court, in its Memorandum opinion in the Discharge Adversary Proceeding issued on July 1, 2011, concluded the following with respect to the Debtor's insolvency as it figured into the analysis under § 727(a)(2)(A) and whether the Debtor made the transfer with the intent to hinder, delay, or defraud her creditors:

> Here, it is undisputed that the entire $145,000.00 transferred to Mr. Sims by the Defendant was paid for the purchase by Mr. and Mrs. Sims of the Warmstone Way Property. Likewise, the Defendant was unquestionably in debt when she made the transfer to Mr. Sims and, once she made the transfer, the value of her assets was substantially less than the amount of her liabilities. Nevertheless, the Defendant did not file her bankruptcy case until April 23, 2010, approximately seven months after the transfer. At trial, the Defendant testified that she continued to make payments on her credit card debt for the months between the purchase of the Warmstone Way Property and her bankruptcy filing, a fact reflected in and substantiated by her statements and schedules, but that after many of her minimum payments were raised, she subsequently ran out of money and was unable to find a job to supplement her social security and pension income so that she could continue paying her debts. The Defendant's use of her largest asset – the proceeds from the sale of her home in New Jersey – toward the purchase of another home, even though she did not actually own the new residence, was reasonable and the fact that it rendered her insolvent does not, without more, rise to the level of fraud required for a denial of discharge.

UNDISP. EX. C at 8.

16

In summary, the Defendants are entitled to summary judgment with respect to 11 U.S.C. § 548(a)(1)(A), and the Complaint shall be dismissed as to that count. The Plaintiff, however, is entitled to summary judgment with respect to 11 U.S.C. § 548(a)(1)(B), and the $145,000.00 transfer from the Debtor to John W. Sims on August 31, 2009, shall be avoided and recovered by the Plaintiff under 11 U.S.C. § 550(a), together with pre-judgment interest from May 12, 2011, the date of the filing of the Complaint, to be computed in the manner required by 28 U.S.C. § 1961(a) (2006). The Plaintiff is not entitled to a summary judgment with respect to Jennifer A. Sims and, as to her, the Complaint will be dismissed. A Judgment consistent with this Memorandum will be entered.

FILED: November 30, 2011

        BY THE COURT

        */s/ RICHARD STAIR, JR.*

        RICHARD STAIR, JR.
        UNITED STATES BANKRUPTCY JUDGE